O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT P., | Case No. 8:25-cv-00052-KES |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| FRANK BISIGNANO, | AND ORDER |
| Commissioner of Social Security, | |
| Defendant.[1] | |

**I.**

**INTRODUCTION**

On January 13, 2025, Plaintiff Elliot P. ("Plaintiff") filed a Complaint for review of denial of social security disability benefits. (Dkt. 1.) Plaintiff filed a Plaintiff's Brief under Rule 6 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g). ("PB" at Dkt. 11.) Defendant filed a responding Commissioner's Brief under Rule 7. ("CB" at Dkt. 13.) Plaintiff filed a reply brief.

---

[1] Frank Bisignano became Commissioner of Social Security on May 7, 2025. Under Federal Rule of Civil Procedure 25(d), he is automatically substituted as Defendant in this suit. The Clerk is directed to update the electronic docket accordingly.

1

("PRB" at Dkt. 14.)  For the reasons stated below, the Commissioner's decision denying benefits is REVERSED, and the case is remanded for further administrative proceedings consistent with this decision.

## II.
## BACKGROUND

From 2005 to 2020, Plaintiff worked as a singer and piano player. Administrative Record ("AR") 69, 290.  In April 2022, he applied for Disability Insurance Benefits ("DIB"), alleging he could not work as of March 14, 2020, due to chronic gastrointestinal issues and abbesses affecting his buttocks, conditions that made him unable to commit to performance schedules and unable to sit for long periods of time.  AR 230, 263.

On February 6, 2024, the ALJ conducted a hearing at which a vocational expert ("VE") and Plaintiff testified.  AR 63-86.  On February 21, 2024, the ALJ published an unfavorable opinion.  AR 43-62.  The ALJ found that Plaintiff suffered from the severe, medically determinable impairments ("MDIs") of "hypertension, obstructive sleep apnea (OSA), benign prostatic hypertrophy, ascending aortic aneurysm, hidradenitis suppurativa, hemorrhoids, irritable bowel syndrome (IBS) and degenerative disc disease of the lumbar spine."  AR 48. Hidradenitis suppurativa is a condition that causes small, painful lumps to form under the skin, usually in areas where the skin rubs together, such as "the armpits, groin, buttocks and breasts."  See https://www.mayoclinic.org/diseases-conditions/hidradenitis-suppurativa/symptoms-causes/syc-20352306.  "Some bumps or sores get bigger, break open and drain pus with an odor."  Id.

The ALJ determined that despite these MDIs, Plaintiff had the residual functional capacity ("RFC") to sustain fulltime "medium" work with some additional restrictions on postural activities.  AR 49.  The ALJ found that Plaintiff could "sit for six hours out of an eight-hour workday" and did not include in the RFC findings any special accommodations for bathroom breaks or missing work

when symptoms flared.  AR 49.

Based on these RFC findings, the VE's testimony, and other evidence, the ALJ concluded that Plaintiff could still perform his past relevant work as a piano player.  AR 56.  Notably, the VE testified that when Plaintiff was unable to sit, he would be unable to perform as a piano player.  AR 82.  The VE also testified that missing more than two days of work per month would be "work preclusive" for a piano player.  AR 83-84.  The ALJ found Plaintiff not disabled.  AR 57.

## III.
## ISSUE PRESENTED

<u>Issue One</u>:  Whether the ALJ erred by failing to give clear and convincing reasons for discounting Plaintiff's subjective symptom testimony.  (PB at 6.)

<u>Issue Two</u>:  Whether the ALJ erred in evaluating the medical opinion evidence.  (PB at 19.)

## IV.
## DISCUSSION

**A.    ISSUE ONE: Plaintiff's Testimony.**

**1. Relevant Law.**

The ALJ engages in a two-step analysis to evaluate a claimant's subjective symptom testimony.  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment [that] could reasonably be expected to produce the pain or other symptoms alleged."  <u>Id.</u> at 1036.  If so, the ALJ may not reject a claimant's testimony "simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."  <u>Smolen v. Chater</u>, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets the first test, the ALJ may discredit the claimant's subjective symptom testimony only by making specific findings that support the conclusion.  <u>Berry v. Astrue</u>, 622 F.3d 1228, 1234 (9th Cir. 2010);

Burrell v. Colvin, 775 F.3d 1133, 1137 (9th Cir. 2014). Unless an ALJ finds that a claimant is malingering or has failed to provide objective medical evidence in support of his or her testimony, an ALJ must provide clear and convincing reasons for rejecting a claimant's subjective testimony about the severity of experienced symptoms. Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015). While an ALJ's findings must be properly supported and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements, an ALJ is not "required to believe every allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

### 2. Relevant Administrative Proceedings.

The ALJ summarized Plaintiff's testimony. AR 49-50. Plaintiff testified "he could not work due to a reoccurring rheumatological issue on his buttocks [which cased] a wound the size of a tennis ball to form, gastrointestinal issues, and rectal issues." He "experienced bloating and pain in his gastrointestinal system that occurred randomly and did not appear to be aggravated by any specific diet." AR 50, referring to testimony at AR 66-67, 69. He "spent an hour in the bathroom every morning." AR 50, referring to testimony at AR 66, 70. He testified that he "was unable to commit or adhere to a schedule due to the unpredictability of his rheumatological and gastrointestinal issues." AR 50, referring to testimony at AR 67. He "experienced the formation of an abscess on his buttocks approximately every three to five months. AR 50, referring to testimony at AR 70. When this occurred, he "could only sit on chairs or sofas with extra cushions due to buttock pain." AR 50, referring to testimony at AR 70-71. He testified that the skin condition affecting his buttocks would heal and then relapse. AR 67, 72.

The ALJ found that Plaintiff's MDIs "could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in

1   this decision." AR 50.  As reasons, the ALJ explained that Plaintiff's
2   gastrointestinal issues would not interfere with his ability to work in the evening as
3   a piano player because he typically only experienced one prolonged bowel
4   movement per day, and that was in the morning.  AR 50.  The ALJ found that
5   Plaintiff's buttock abscesses improved and eventually resolved with treatment.  AR
6   50, summarizing records showing improvement with treatment.  The ALJ also
7   discounted Plaintiff's testimony because his "treatment records … document some
8   treatment noncompliance."  AR 50.

### 3. Analysis of Claimed Error.

Plaintiff argues that evidence that his buttock abscesses improved and eventually healed with treatment neither (1) contradicts his testimony nor (2) demonstrates that he would not miss an unacceptable number of workdays when the condition reoccurred.  Plaintiff agrees that some documents showed improvement, but other showed reoccurrence and flare ups.  (PB at 14-16, listing such records.)  Plaintiff contends that since his job as a piano player requires sitting, the ALJ implicitly found that he would not have more than two days per month when he was unable to sit.  But the ALJ neither stated that finding explicitly nor explained what evidence supported it.  According to Plaintiff, without doing do, the ALJ failed to convincingly undermine his testimony that the unpredictable nature of his symptoms renders him unable to work.

The Commissioner contends that the ALJ convincingly contradicted Plaintiff's testimony about periodic flare ups by citing "a number of normal physical examinations and medical records documenting improved symptoms with treatment." (CB at 8.)  But the records of improvement cited by the ALJ (see AR 50[2]) interspersed with other records show a pattern of reoccurrence, which is

---

[2] Among other records, the ALJ cited "Ex. 18F." AR 50. Plaintiff argues that citing to a 250-page exhibit does not sufficiently identify the evidence of improvement on which the ALJ relied. (PB at 9.)  The Court considers the

consistent with Plaintiff's testimony rather than contradictory, as follows:

| Date | AR | Content of Medical Record |
|---|---|---|
| 7/19/20 | 448 | Plaintiff "continues to c/o recurrences" of hidradenitis suppurativa "requiring long-term antibiotic" treatment. |
| 9/1/20 | 611 | Plaintiff "asks about boil that has been on left buttock." |
| 3/15/21 | 452 | Plaintiff "was on Bactrim for 5-6 weeks starting in January, never went away, relapsed after 2 weeks, much worse, more painful." |
| 4/6/2021 | 405 | Per the ALJ, Plaintiff "reported his prescription of Betaine was helping." AR 50. This record states, "Now on Bactrim for a cellulitis on left gluteus. almost completed course and cellulitis nearly healed." AR 406. |
| 7/6/21 | 441 | Plaintiff was taking antibiotics for "Recurrent boil on left buttock." |
| 8/11/21 | 437 | Plaintiff "Has had relapse of cyst about 15 times since the end of 2020." "This is the worst it has ever been - hurts to walk and sit." |
| 9/1/21 | 434, 436 | Plaintiff went to the emergency room "a few times" due to open, infected abscess. "The abscess present at that time [3/22/21], did resolve. However, he is now dealing with one in the same location." |
| 10/20/21 | 430, 433 | Plaintiff was "having to deal with the recurrent skin infections, that are taking several months to resolve." He was "Unable to sit comfortably due to hidradenitis on buttocks." The ALJ quoted AR 429 as saying Plaintiff had "a small open sore with some inflammation on the buttock." |

evidence the ALJ identified by citing to specific pages.

|  |  |  | AR 50. |
|---|---|---|---|
|  | 4/14/22 | 750-51 | The ALJ said "physical examination revealed normal findings." AR 50. This was a telemedicine visit. AR 748. Plaintiff reported, "Hiddranitis Suppuritiva – recurring over last 2 yrs. Feels something internal is causing this. Klebsiella culture. Ended antibiotics 2 weeks ago." AR 750. |
|  | 6/27/22 | 538 | Per the ALJ, Plaintiff "reported his symptoms had improved a lot." AR 50. This record discusses that his gastrointestinal symptoms "have improved a lot" by avoiding nuts and seeds, but he is "still having diarrhea daily" and "complains of gas pain that comes and goes." AR 538. There was no skin "lesion or rash." AR 540. |
|  | 2/2/23 | 842-43 | Plaintiff had an appointment to follow up on "a cyst on his L buttock" and evaluate "another cyst on his [right] buttocks" that was causing "tenderness" and was "mildly inflamed." |
|  | March/ April 2023 | 844-45 | Per the ALJ, "Physical examinations revealed a well healed buttock cyst with no infection, no concerning feats and no drainage." AR 50. Plaintiff's doctors discussed possible treatment with Humira because he "experiences flare ups." AR 845. |
|  | 7/26/23 | 856 | Plaintiff reported that the cysts on his left and right buttocks were "healing well" with continued use of antibiotics, and he saw no evidence of reoccurrence. AR 855. His doctor prescribed a new ointment. AR 856. |
|  | 9/24/23 | 955, 957 | Plaintiff presented at urgent care due to "skin issue on buttocks x 1 week;" abscess "measures about 3 in. X 3 in." |

7

| Date | Page | Description |
|---|---|---|
| 10/4/23 | 1086 | A wound culture showed "growth of Klebsiella pneumoniae, resistant to bactrim, sensitive to tetracycline and other antibiotics." |
| 10/12/23 | 1015 | Plaintiff returned for a "wound check." His "wound looks good and healed." |
| 11/1/23 | 1064 | Plaintiff was bandaging abscesses that were inflamed, opened, and draining. |
| 11/15/23 | 1095 | Hidradenitis suppurativa that "opened up a few months ago" was healed "but now has additional lesion toward bottom of grown on the right … opened twice." |

In sum, the ALJ's main reason for discounting Plaintiff's testimony about the primary reason he cannot work (i.e., the fluctuating and unpredictable nature of symptoms) failed to identify an inconsistency and lacked sufficient explanation to be "clear and convincing." It remains unclear if the ALJ found that Plaintiff's hidradenitis suppurativa would never cause him to be unable to sit for six hours per day or would never flare up for more than two days per month.

The ALJ's second reason, i.e., non-compliance with treatment, is also not a clear and convincing reason to have discounted Plaintiff's testimony about the limiting effects of his hidradenitis suppurativa flare ups because (1) the supporting evidence that the ALJ discussed does not seem to relate to that condition (see AR 50) and (2) the ALJ did not discuss any reasons Plaintiff had (see PB at 11) for declining recommended treatment.

Because the ALJ's failure to give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony justifies remand for further administrative proceedings, the Court need not address Plaintiff's other claims of error. On remand, the ALJ may wish to consider them.

## VI.
## CONCLUSION

Based on the foregoing, IT IS ORDERED that judgment shall be entered REVERSING the decision of the Commissioner and REMANDING the case for further administrative proceedings consistent with this decision.

DATED:  June 6, 2025

*Karen E. Scott*
KAREN E. SCOTT
United States Magistrate Judge

9